UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-22652-CIV-WILLIAMS

DAVID M. RODRIGUEZ,

    Plaintiff,

vs.

THE PROCTER & GAMBLE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF FILING DECLARATION OF OSSAI MIAZAD
AND EXHIBITS THERETO IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF
CLASS REPRESENTATIVE AND COUNSEL, AND APPROVAL OF PLAINTIFF'S
PROPOSED NOTICE OF SETTLEMENT [D.E. 168]
<u>AND MEMORANDUM OF LAW IN SUPPORT THEREOF [D.E. 169]</u>**

Plaintiff David Rodriguez, on behalf of himself and those similarly situated, hereby files the attached Declaration of Ossai Miazad and the Exhibits thereto in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of Settlement Class, Appointment of Class Representative and Counsel, and Approval of Plaintiff's Proposed Notice of Settlement [D.E. 168] and Memorandum of Law in Support Thereof [D.E. 169]. Below is a listing of the Exhibits to the Declaration of Ossai Miazad:

    1.    Settlement Agreement and Release;

    2.    Notice of Proposed Class Action Settlement and Hearing, and Claim Form; and

    3.    Proposed Order.

Dated:  July 30, 2021                            Respectfully submitted,

*/s/ Jason S. Mazer*
Jason S. Mazer
CIMO MAZER MARK PLLC
Jason S. Mazer
Florida Bar No. 0149871
jmazer@cmmlawgroup.com
100 SE 2nd Street, Suite 3650
Miami, FL 33131-3650
Telephone: (305) 374-6484
Facsimile: (305) 374-6489

OUTTEN & GOLDEN LLP
Patrick David Lopez*
pdl@outtengolden.com
601 Massachusetts Avenue
Second Floor, West Suite
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile (202) 847-4410

Ossai Miazad*
om@outtengolden.com
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

THE MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
Thomas A. Saenz*
tsaenz@MALDEF.org
634 S. Spring Street
11th Floor Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (210) 224-5382

Nina Perales*
nperales@MALDEF.org
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382

*Attorneys for the Plaintiffs and Proposed Class*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will send notice of electronic filing to all counsel of record.

/s/ *Jason S. Mazer*
Jason S. Mazer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DAVID RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>　　　　　　　　　Defendant. | No. 17 Civ. 2265 |

**DECLARATION OF OSSAI MIAZAD IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVE AND COUNSEL, AND <u>APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT</u>**

I, Ossai Miazad, declare under penalty of perjury as follows:

1. I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, and co-chair of its Discrimination and Retaliation Practice Group. O&G is a 50+ attorney firm based in New York City, with offices also in San Francisco and Washington D.C., that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation that involve discrimination, and wage and hour claims, as well as contract and severance negotiations.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiff's claims.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

1

**Background and Experience**

4. I received a Juris Doctor degree from American University Washington College of Law in 2004. Since joining O&G in 2007, I have exclusively represented plaintiffs in employment litigation and other employee rights matters, with a focus on representing employees in class action and impact litigation involving discrimination. I currently serve as Plaintiff's counsel in numerous major class action lawsuits involving challenges to the use of criminal history records for employment decisions. O&G is among the very few plaintiff-side firms that litigates DACA employment and lending discrimination cases challenging the use of alienage in the making of contracts..

5. I am the Co-Chair of O&G's Discrimination and Retaliation Practice Group. I have also served as the Co-Chair of the Subcommittee on USERRA for the American Bar Association's ("ABA") Labor and Employment Law Section, Fair Labor Standards Legislation Committee, on the New York City Bar Association's Committee on Civil Rights and as a board member of the New York affiliate of the National Employment Lawyers Association ("NELA"). I was named one of the 2017 Trial Lawyers of the Year by Public Justice.

6. I have been appointed as Class Counsel in cases on behalf of DACA recipients, including *Perez v. Wells Fargo Bank, N.A.*, No. 17 Civ. 454 (N.D. Cal.) and *Peña v. Wells Fargo Bank, N.A.*, No. 19 Civ. 04065 (N.D. Cal.), both nationwide DACA lending discrimination class actions. I have also been appointed Class Counsel in other nationwide employment discrimination in hiring cases, including *Gonzalez v. Pritzker*, No. 10 Civ. 3105 (S.D.N.Y.), a nationwide class action targeting the U.S. Census Bureau's criminal history screening process as having a racially disparate impact under Title VII of the Civil Rights Act of 1964 ("Title VII"). I have litigated or am litigating multiple other discrimination class actions, including *Long v.*

*Southeastern Pennsylvania Transportation Authority*, No. 16. Civ. 1991 (E.D. Pa.) (FCRA and Pennsylvania Criminal History Record Information Act claims), *Millien v. The Madison Square Garden Co.*, No. 17 Civ. 4000 (S.D.N.Y.) (FCRA and New York City Human Rights Law claims), and *NAACP New York State Conference Metropolitan Council of Branches v. Philips Electronics North America Corporation*, Index No. 156382/2015 (Sup. Ct. N.Y. Cnty.) (New York City Human Rights Law criminal history discrimination claims).

7. Courts have repeatedly recognized O&G as qualified counsel for class actions. *See*, *e.g.*, *Perez v. Wells Fargo Bank, N.A.*, No. 17 Civ. 454 (N.D. Cal. Aug. 21, 2020) (appointing O&G and MALDEF as class counsel in DACA discrimination class action, and stating that they have "extensive experience expertise in prosecuting discrimination and civil rights class actions"); Tr. of Prelim. App. Hearing at 25, *Kelly v. Brooklyn Events Center, LLC et al*, No. 17 Civ. 4600 (E.D.N.Y. Sept. 25, 2018) (commending counsel for their hard work and preliminarily approving settlement class challenging defendants' background check policies and practices); *Times v. Target Corp.*, No. 18 Civ. 2993, 2018 WL 3238821, at *1 (S.D.N.Y. May 14, 2018) (appointing O&G as class counsel when preliminarily approving settlement class challenging defendants' background check policies and practice under Title VII); *Keels v. Geo Group, Inc.*, No. 15 Civ. 6261, 2017 WL 4477000, at *1 (E.D.N.Y. Oct. 1 2017) (appointing O&G as class counsel when preliminarily approving Fair Credit Reporting Act settlement, which was finally approved on Feb. 23, 2018); *Pickett v. SIMOS Insourcing Solutions, Corp.*, No. 17 Civ. 1013, 249 F. Supp. 3d 897, 898 (N.D. Ill. 2017) (appointing O&G as class counsel in Fair Credit Reporting Act settlement); *Gonzalez v. Pritzker*, No. 10 Civ. 3105, 2016 WL 5395905, at *4 (S.D.N.Y. Sept. 20, 2016) (stating that O&G's attorneys are "nationally recognized employment class action litigators" and granting final approval of Title VII class action

3

settlement); *Hall v. L-3 Communications Corp.*, No. 15 Civ. 231, slip. op. at 7 (E.D. Wash. Jan. 25, 2019) (appointing O&G as class counsel when preliminarily approving a USERRA applicant class and noting that the matter was "litigated []expertly" and that counsel had "long experience in class action and labor work"); *Perez v. Allstate Insurance Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel and noting that "O&G has the requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Easterling v. Connecticut, Dep't of Correction*, No. 08 Civ. 826, slip op. at 2 (July 29, 2013 D. Conn.) (appointing O&G as class counsel in a Title VII case); *Duling v. Gristede's Operating Corp.,* No. 06 Civ. 10197, slip op. at 3 (June 19, 2013 S.D.N.Y.) (appointing O&G as class counsel in a Title VII case); *Amochaev v. Citigroup Global Markets, Inc., d/b/a Smith Barney*, No. 05 Civ. 1298, slip op. at 3-4 (May 1, 2008 N.D. Cal.) (gender discrimination class action brought on behalf of a national class of female financial advisors, resulting in settlement of $33 million and comprehensive injunctive relief); *Jaffe v. Morgan Stanley & Co*., No. 06 Civ. 3903, 2008 WL 346417, at *1 (N.D. Cal. Feb. 7, 2008) (race discrimination class action brought on behalf of African American and Latino financial advisors, resulting in settlement of $16 million and comprehensive injunctive relief); *Wright v. Stern*, No. 01 Civ. 4437, 2003 WL 21543539, at *7 (S.D.N.Y. July 9, 2003) (appointing O&G as class counsel in a Title VII case).

**Case Investigation and Early Litigation**

8. Plaintiff's Counsel are well-aware of the complexity of cases like this one and the value of early collaborative settlement discussions. Counsel sent Procter & Gamble ("P&G") a letter in August 2015, after substantial investigation, advising it of Plaintiff's claims. After it became clear that the Parties were unable to arrive at a pre-suit resolution, Plaintiff filed suit.

4

9. After Plaintiff filed his class and collective action complaint in July 2017, the Parties vigorously litigated the case, from August 2017 to December 2020. During this time, the Parties engaged in substantial written discovery. At the threshold, they negotiated a robust electronic discovery stipulation and a confidentiality stipulation.

10. After these agreements were in place, the Parties engaged in full written discovery of Plaintiff, production by P&G of over 55,000 documents, a full-day deposition of Plaintiff Rodriguez, and the deposition of a Federal Rule of Civil Procedure 30(b)(6) witness, P&G's Talent Supply Leader covering over 11 topics.

11. Plaintiff also amended his Complaint on November 6, 2018 to add Plaintiff Marat Papazian. Plaintiff Papazian produced written discovery and was deposed on March 8, 2019. However, Plaintiff Papazian voluntarily dismissed his claims on May 11, 2019.

12. Throughout the discovery period, the Parties exchanged multiple correspondence and engaged in dozens of meet and confer calls. While the Parties were successful in resolving (or narrowing) many of their disputes, Plaintiff invoked the Court's assistance to resolve a specific dispute relating to the scope of Defendant's production of data. After a hearing, Magistrate Judge Torres ordered P&G to produce the requested documents, in particular, ESI regarding P&G's hiring policy, including a class list identifying all potential putative class members.

**Settlement Negotiations**

13.     Since Plaintiff's initial attempt to resolve the case pre-suit and the Court-mandated mediation on August 9, 2018, the Parties participated in numerous telephone and email conversations about the possibility of settlement discussions.

14.     In January 2021, the Parties agreed to attend mediation before David Geronemus, a well-respected employment and class action mediator.

15.     In advance of mediation, the Parties had several meet and confer calls to discuss topics relevant to settlement and submitted detailed mediation statements outlining their respective evaluations of the strengths and weaknesses of the claims at issue.  Plaintiff also conducted a preliminary damages analysis for purposes of settlement negotiations.

16.     On March 2, 2021, the Parties participated in a day-long mediation with Mr. Geronemus.

17.     Although the Parties made significant progress, after concluding a full day of arm's-length negotiations, spanning over twelve hours, they were unable to reach a resolution but agreed to continue negotiating with the assistance of Mr. Geronemus.

18.     The Parties continued to negotiate and reached an agreement in principle as to the structure of the settlement on or around June 1, 2021.  Over the next approximately two months, the Parties negotiated a detailed Settlement Agreement.  On or about July 14, 2021, the Parties executed the Settlement Agreement.

**Settlement Agreement**

19.     P&G does not maintain precise immigration status information for applicants, and the data provided by P&G regarding class size is overinclusive.  Based on data and information supplied by P&G, the Parties estimate between 60,000 and 75,000 intern and entry-level

applicants were denied employment by P&G based on their disqualifying response to its citizenship question.

20. This figure is substantially overinclusive because it includes individuals who may have not had authorization to work in the United States at the time of their application, holders of non-immigrant visas (including F-1 visa holders who are not entitled to monetary relief), individuals that required employment-based visa petitions to work in the United States, and/or individuals who had their application rejected based their response to a different application question. In Plaintiff's best approximation between 10,000 and 15,000 eligible Class Members will receive the settlement notice.

21. Plaintiffs will seek Court approval of an award of no more than $1,900,000.00 for attorneys' fees including actual litigation expenses and costs. This amount was negotiated by the Parties separately from the remainder of the Settlement and after the material terms were agreed upon, and will be paid by P&G in addition to the agreed-to Settlement Fund.

22. Mr. Rodriguez has been instrumental in the settlement achieved for Class Members, and has devoted time and energy in the last six years to securing this result at substantial personal cost and risk.

23. The risk Plaintiff assumed in attaching his name to this action is unusually high, especially compared to more typical class action lawsuits. As a DACA recipient he is unfortunately an attractive target for harassment and vulnerable to potential immigration consequences related to their immigration status within the United States.

24. Plaintiff complied with an invasive discovery process, responding to over 40 discovery requests and sitting for a full-day deposition.

25. Plaintiff also spent dozens of hours in regular communication with Plaintiff's Counsel by phone and email to provide input, review documents, answer questions, and stay updated on case developments.

26. Plaintiff further provided significant insight and information in preparing for the Parties' mediation, as well as review and input on the terms of the Settlement Agreement.

27. Class actions under Section 1981, like this one, are subject to considerable risk. This is especially true here, where Plaintiff's alienage discrimination claim is untested. While the Court denied P&G's motion for summary judgment, there remain significant obstacles to obtaining full recovery. P&G strongly contests the legal and factual basis for Plaintiff's claims. While Plaintiff believes he could ultimately defeat P&G's defenses and establish liability at trial, this would require favorable outcomes at trial, and on appeal, all of which are inherently uncertain.

28. While the amount distributed to each Class Member will depend on the number of claim forms submitted, Plaintiff's Counsel estimate that each Class Member will receive at least $1,500 if up to 1,000 individuals submit valid claims.

29. This is an excellent recovery, given that Class Members were denied employment at the start of a highly competitive multi-stage application and hiring process and whether they would have been hired, or otherwise entitled to backpay, is speculative.

30. It is also an excellent benefit given that Plaintiff did not move for class certification of actual and economic damages under Section 1981 because of the highly individualized inquiry that would be involved and limited the classwide claims under Section 1981 to only request equitable and injunctive relief and nominal damages.

31. Establishing both liability and damages would require significant continued time and expense, including in the near future preparing for and attending a hearing on Plaintiff's pending motion for class certification and litigating a likely interlocutory appeal following that decision, no matter the outcome.

32. The Parties would then need to prepare for and face a challenging trial involving a careful inquiry into Plaintiff's claims and damages and those of the putative Class.

33. Following trial, the Parties would likely litigate merits appeals.

34. P&G may also seek to move to decertify the Class, triggering further issues to be heard on appeal.

35. If damages had not been considered at the trial, the Parties would then turn to a heavily contested stage involving individual damages for Plaintiff and a process to address Class Member damages under Section 1981.

36. Plaintiff's Counsel feel confident that Class Members will respond favorably to the settlement.

**Exhibits**

37. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement ("Settlement Agreement"), executed by all parties on July 16, 2021.

38. Attached hereto as **Exhibit 2** is a true and correct copy of the Parties' Proposed Notice and Claim Form.

39. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Proposed Order.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in New York, New York on July 30, 2021.

Dated:   July 30, 2021
         New York, New York

Respectfully submitted,

By: _____

**OUTTEN & GOLDEN LLP**
Ossai Miazad
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000