IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17-22652-WILLIAMS

DAVID RODRIGUEZ, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

          Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF DAVID RODRIGUEZ AS CLASS REPRESENTATIVE AND HIS COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT

Upon review and consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of Settlement Class, Appointment of David Rodriguez as Class Representative and his Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement, including the Parties' Settlement Agreement and all Exhibits thereto [D.E. 68] and Plaintiff's Memorandum of Law in Support thereof [D.E. 169], it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

    1.    **Settlement.** Plaintiff David Rodriguez, on behalf of himself and all Class Members ("Settlement Class"), and Defendant The Procter & Gamble Company ("P&G") (collectively, the "Parties"), have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

2. **Review.** The Court has carefully reviewed the Settlement Agreement, the motion for preliminary approval and accompanying papers, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Preliminary Approval.** Based on the review the Court has conducted, as set forth in paragraph 2, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive.

4. **Settlement Class Definitions and Relief.** The proposed relief to the Settlement Class Members, as identified in Sections 3.1, 3.2, and 3.3 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class includes:

> Any person who applied for an internship or entry-level position with P&G between July 17, 2013 and the date of preliminary approval and who meets <u>all</u> of the following criteria: filed an online application with P&G for an internship or entry-level position during the Class Period; the application was rejected by P&G; met all of the non-immigration criteria required by P&G for the position for which the person applied; was not a U.S. citizen, permanent resident, asylee, or refugee at the time of applying to P&G; had authorization to work in the U.S. at the time of the application; did not require an employment-based visa petition to work in the U.S. at the time of applying to P&G or when the applicant expected to begin working at P&G; and at the time of filing the application, was not the holder of an F or M non-immigrant visa, which could require an employer petition in the future.

2

5. **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

(b) The Settlement Class are so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Class;

(d) The claims of Plaintiff Rodriguez are typical of the claims of the other members of the Settlement Class;

(e) Plaintiff Rodriguez is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable;

(h) Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. **Designation of Class Representatives.** Plaintiff David Rodriguez is designated as representative of the Settlement Class for the sole purpose of seeking a settlement of the Action.

7. **Designation of Class Counsel.** Outten & Golden LLP ("O&G"), the Mexican American Legal Defense and Educational Fund ("MALDEF"), and Cimo Mazer Mark PLLC ("CMM") are designated as Class Counsel.

3

8. **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on __November 15, 2021__ [104 days or more after the date on which the Court order preliminary approval of the settlement] at __10:00 a.m.__ in Miami, Florida either telephonically or in person before the Honorable Kathleen M. Williams.

Such hearing may be reset to a later date than that in the Class Notice without requiring additional, subsequent notice to Class Members.

9. **Class Notice.**

(a) The Court approves the Class Notice in the Settlement Agreement, attached as Exhibit 2 to the Declaration of Ossai Miazad, to be distributed in the manner provided for in Section 4.1 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, the requirements for submitting a claim to receive a settlement payment, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. In finalizing the Class Notice, the Parties may make non-substantive changes, as necessary, without seeking further approval of the Court. The Court further finds that e-mailing and first-class mailing the Class Notice as set forth in the Settlement Agreement is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process.

(b) Defendant should provide the Settlement Administrator a class list containing the following information for each such applicant, so the extent such information is available: name, Social Security number, last known address, and e-mail addresses, year of application to P&G, and year of rejection by P&G as soon as practicable, but no later than thirty (30) calendar days from Preliminary Approval of the Settlement. After receipt of the potential

Settlement Class Members' information from Defendant, the Settlement Administrator will perform a search and update using the National Change of Address Database to correct any known or identifiable address changes for potential Settlement Class Members. To the extent P&G provides the names of potential Class Members without any contact information, the Settlement Administrator shall attempt to identify the most updated contact information (address and/or email) possible for each such potential Class Member.

(c) The Class Notice should be issued by e-mail and first-class U.S. mail to Settlement Class Members (where such contact information is available) no more than fourteen days (14) days after Defendant provides the Class Member data to the Settlement Administrator.

10. **Administrator.** The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrator to: (i) mail and e-mail Class Notice (where such contact information is available); (ii) cause settlement checks to be mailed to Class Members who timely submit a Claim Form and related documentation as provided in Section 3.4(A) of the Settlement Agreement, and issue a reminder notice prior to the deadline to cash checks; and (iii) carry out such other responsibilities in order to administer the Settlement in accordance with its terms and objectives and as stated in the Settlement Agreement.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must submit a written Opt-Out Statement requesting to opt out of the Settlement to the Settlement Administrator, by first-class mail, to the address provided in the Class Notice, as well as necessary documentation establishing that they are a Class Member, as described in Section 4.2 of the Settlement Agreement. The request for exclusion must include their name, address, e-mail address, telephone number, and the statement "I opt out of the

5

Rodriguez v. Procter & Gamble Settlement." Any such request for exclusion must be postmarked no later than ~~____~~ November 1, 2021, which is forty-five (45) days after the issuance of Class Notice.

Except for those Settlement Class Members who timely and properly file an Opt-Out Statement requesting exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Settlement Effective Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 5 of the Settlement Agreement.

12. **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Opt-Out Statement requesting exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing by mailing, via first-class U.S. mail to the Settlement Administrator, a written statement of objection in accordance with the requirements in Section 4.3 of the Settlement Agreement. The written statement of objection must include the name, address, e-mail(s), and telephone number(s) of the Class Member making the objection, all reasons for the objection, as well as necessary documentation establishing that they are a Class Member, as described in Section 4.3 of the Settlement Agreement. The written statement must be postmarked no later than ~~____~~ November 1, 2021, which is forty-five (45) days after the issuance of the Class Notice. Following receipt of any objection statement, the Settlement Administrator will send copies of each object to Class Counsel and Defendants' Counsel as soon as they are received.

13. **Releases.** If the Settlement is finally approved, all Class Members who have not filed a timely and proper request for exclusion shall release the claims as more fully described in Section 5 of the Settlement Agreement. However, any eligible Class Member for whom contact

information cannot be recovered and to whom notice cannot be served will not release their legal claims pursuant to the Settlement Agreement.

14. **Attorneys' Fees and Expenses, and Service Award (if any).** Class Counsel shall file their motion requesting Attorneys' Fees and Expenses no later than 30 days before the Final Approval Hearing. Plaintiff has reserved the right to file a motion with the Court seeking approval of a service award of up to $20,000.00 to be paid from the Gross Settlement Fund, in light of the pending *en banc* petition filed in response to the decision regarding service awards in *Johnson v. NPAS Sols., LLC*, No. 18 Civ. 12344, 2020 WL 5553312 (11th Cir. Sep. 17, 2020). In the event the Eleventh Circuit reconsiders and reverses the *Johnson* decision and Plaintiff files such a motion the Court will consider and issue an order prior to the distribution of any settlement funds. In order to provide sufficient notice of the prospective service award motion, the Notice advises eligible Class Members that Plaintiff may make a request to the Court for a service award.

15. **Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

16. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

SO ORDERED this 3rd day of August, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE