IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CIV-22652-WILLIAMS

DAVID RODRIGUEZ, individually and on behalf of all others similarly situated,

                        Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

                        Defendant.

## ORDER

Upon review and consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs [ECF 181], and the accompanying memoranda [ECF 182], declarations [ECF 183], and other papers, it is **HEREBY ORDERED, ADJUDGED,** and **DECREED** as follows:

1.    **Settlement**. Plaintiff David Rodriguez, on behalf of himself and all Class Members ("Settlement Class"), and Defendant The Procter & Gamble Company ("P&G") (collectively, the "Parties") have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

2.    **Review**. The Court has carefully reviewed the Settlement Agreement, the motion for final approval and accompanying papers, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as

though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Certification of Settlement Class**. The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

(a) On August 2, 2021, the Court preliminarily certified the Settlement Class under Federal Rule of Civil Procedure ("Rule") 23. ECF No. 171. The Court now grants final certification of the Settlement Class for purposes of settlement only, under Rules 23(a), (b)(2), and (b)(3) because the requirements under Rule 23 have been met.

(b) Pursuant to Rule 23, the Court certifies the following Settlement Class:

> Any person who applied for an internship or entry-level position with P&G between July 17, 2013 and the date of preliminary approval and who meets all of the following criteria: filed an online application with P&G for an internship or entry-level position during the Class Period; the application was rejected by P&G; met all of the non-immigration criteria required by P&G for the position for which the person applied; was not a U.S. citizen, permanent resident, asylee, or refugee at the time of applying to P&G; had authorization to work in the U.S. at the time of the application; did not require an employment-based visa petition to work in the U.S. at the time of applying to P&G or when the applicant expected to begin working at P&G; and at the time of filing the application, was not the holder of an F or M non-immigrant visa, which could require an employer petition in the future.

(c) The Settlement Class meets all of the requirements for class certification under Rules 23(a), (b)(2), and (b)(3). The class is so numerous that joinder of all members is impracticable. The claims of Plaintiff Rodriguez are typical of the claims of the other members of the Settlement Class, and he is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement. Plaintiff raises common questions, and the Settlement Class satisfies the predominance and superiority requirements for certification under Rule 23(b)(3) because Plaintiff's common contentions predominate over any issues affecting only individual class members. Resolution of the claims in

this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

(d) The Court additionally designates Plaintiff Rodriguez as representative of the Settlement Class, and Outten & Golden LLP ("O&G"), the Mexican American Legal Defense and Educational Fund ("MALDEF"), and Cimo Mazer Mark PLLC ("CMM") as Class Counsel.

4. **Final Approval.** Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

5. Based on the review the Court has conducted, as set forth in paragraph 2, and the Court's familiarity with the case, the Court concludes that the Settlement is the result of extensive, arm's-length negotiations and is in all respects fair, reasonable, and adequate, and binding on all members of the Class who have not opted out.

6. The Parties have agreed to the detailed programmatic relief as set forth in the Settlement Agreement. In particular, P&G has agreed to permit employment by Work Authorized non-U.S. Citizens (as defined in the Settlement Agreement) and to revise its application and train its recruiters and interviewers to ensure compliance with the terms of the Settlement Agreement.

7. The parties have also agreed to monetary relief for Relief Class Members, as set forth and defined in the Settlement Agreement. All Relief Class Members who complied with the terms of the Settlement Agreement, including the submission of valid Claim Forms and required documentation, are entitled a pro rata share of the $1,500,000 Gross Settlement Fund.

8. P&G shall wire the Gross Settlement Fund of $1,500,000 to the Settlement Administrator within thirty (30) days of the Effective Date of the Settlement (or transfer by check within fourteen (14) days of the Effective Date), which is defined in the Settlement as the

expiration of time for appeal of this Order or, if there is an appeal of this Order, the day after all appeals are finally resolved in favor of final approval.

9. The Settlement Administrator shall deduct $47,887.00 from the Gross Settlement Fund, which are the costs of settlement administration in excess of $80,000, prior to determining Settlement Class Members' pro rata share of the Settlement. The Court has reviewed the Declaration of Caitlin Ripp and determined that the costs of settlement administration are reasonable.

10. Within forty (40) days of the Effective Date, the Settlement Administrator will issue checks to Settlement Class Members who submitted valid claim forms.

11. Any uncashed checks as of one hundred fifty (150) days after checks are mailed shall be awarded to TheDream.US, the *cy pres* recipient selected by the Parties.

12. The settlement is procedurally and substantively fair, reasonable, adequate, and is not a product of collusion. *See* Fed. R. Civ. P. 23(e).

13. The assistance of an experienced mediator reinforces that the Settlement Agreement is non-collusive.

14. Having considered the strengths and weaknesses of Plaintiff's case versus the benefits of the Settlement; the likely complexity, length, and expense of further litigation; the lack of opposition to the Settlement among the Settlement Class; the opinion of competent counsel, and the substantial amount of discovery and litigation already undertaken, the Court finds that the Settlement is fair, reasonable, and adequate, and well within the range of other settlements that have obtained final approval by federal courts.

15. The Court further finds that the response of the Class Members to the Settlement Agreement supports approval of the Settlement. As of the date of this Order, no Class Members have opted out or objected to the Settlement.

16. The Court finds that the notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in the Declarations of Caitlin Ripp and Ossai Miazad.

17. The Class Notice provided adequate notice of these proceedings and the terms of the Settlement Agreement to all parties entitled to such notice. The distribution of the notice fully met the requirements of Rule 23 and satisfied the requirements of constitutional due process and any other applicable law.

18. O&G, MALDEF, and CMM, which the Court previously appointed as Class Counsel, satisfy the requirements of Rule 23(g).

19. The Settlement is hereby APPROVED and incorporated herein and shall become effective according to its terms.

20. **Attorneys' Fees**. The Court GRANTS Plaintiff's Motion for an award of attorneys' fees and litigation costs in the amount of $1,900,000, which shall be paid separately from the Gross Settlement Fund. Specifically, the Court finds:

(a) Plaintiff, through execution of the parties' Settlement Agreement, and because of the relief set forth in the Settlement Agreement, is entitled to an award of attorney's fees and costs.

(b) The attorneys' fee payment was negotiated after all other material settlement terms for the class were agreed upon and represents less than Counsel's lodestar to date.

(c)     The amount requested by Plaintiff's Counsel is reasonable in light of the significant result achieved, time spent on this litigation to achieve the result, reasonable hourly rates, and out-of-pocket expenses incurred.

21.     **Release.**  Upon entry of this Order, except as to such rights or claims as may be created by this Agreement, Plaintiff and each Class Member shall release P&G from all claims, demands, causes of action, and liabilities, known and unknown, that he/she had, have, or may have under any equitable theory (including any claim for injunctive relief or declaratory judgment), against P&G arising from, relating to, or concerning allegations that were or could have been asserted in the Class Action Complaint, including but not limited to any claim related to P&G's alleged denial of Class Members' job or internship application based on alienage, lack of U.S. citizenship, national origin, work authorization, and/or immigration status under 42 U.S.C. Section 1981 or any other federal, state, or local law, regulation, or ordinance.

22.     Additionally, Plaintiff and each Relief Class Member shall release P&G from all claims, demands, causes of action, and liabilities, known and unknown, that he/she had, have, or may have under any legal theory, including any claim for monetary damages (including claims for back pay, economic damages, compensatory damages, and punitive damages) against P&G arising from, relating to, or concerning allegations that were or could have been asserted in the Class Action Complaint, including but not limited to any claim related to P&G's alleged denial of Class Members' job or internship application based on alienage, lack of U.S. citizenship, national origin, work authorization, and/or immigration status under 42 U.S.C. Section 1981 or any other federal, state, or local law, regulation, or ordinance.

23. **Continuing Jurisdiction**. The Court retains jurisdiction over the interpretation and implementation of the Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

24. **Dismissal With Prejudice**. Upon the Effective Date of the Settlement, the action shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction as set forth above.

25. The parties shall abide by all terms of the Settlement Agreement.

SO ORDERED this **6th** day of December, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE